**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORTH MIAMI BEACH GENERAL ) <br> EMPLOYEES RETIREMENT FUND, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROBERT L. PARKINSON, *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> -and- ) <br> ) <br> BAXTER INTERNATIONAL INC., ) <br> ) <br> Nominal Defendant. ) | Case No. 10-cv-6514 <br><br> Hon. Edmond E. Chang |

**BAXTER'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS OR STAY PLAINTIFF'S
CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Nominal defendant Baxter International joins in the arguments set forth in Section I of the memorandum of law filed by the Individual Defendants in support of their motion to dismiss. Specifically, plaintiff's Complaint should be dismissed because plaintiff has neither made a pre-suit demand on Baxter's board of directors nor alleged with particularity facts sufficient to excuse demand under Delaware law. Baxter files this separate memorandum because it has a distinct and substantial interest in protecting the fundamental tenet of corporate governance embodied in the demand requirement.

Delaware law requires that a shareholder seeking to bring a lawsuit on behalf of a corporation either make a demand on the board, or else establish that demand is excused "because the directors are incapable of making an impartial decision regarding whether to

institute such litigation." *Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.2d 362, 366-67 (Del. 2006). The demand requirement implements "the basic principle of corporate governance that the decisions of a corporation — including the decision to initiate litigation — should be made by the board of directors or the majority of shareholders." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 101 (1991) (internal quotes and citation omitted); *see Fener v. Gallagher*, 2005 WL 2234656, at *4 (N.D. Ill. Sept. 2005). This is more than a mere pleading requirement; it is a substantive right of the corporation and its directors under Delaware law. *See Kamen*, 500 U.S. at 96-97.

Strict enforcement of the demand requirement is particularly appropriate here, where pursuit of this derivative action on behalf of Baxter would cause Baxter to assert claims diametrically opposed to its defenses in other pending litigation against the company. For example, Baxter is currently a defendant in a federal securities class action seeking substantial damages against the company based on the same alleged misrepresentations challenged by plaintiff in this case.[1] Plaintiff's Complaint, purportedly filed on Baxter's behalf, alleges that Baxter made various "false and misleading statements to the public." (Am. Cmplt. ¶¶ 95-107) But Baxter is vigorously defending against these same allegations in the securities case because it has determined it made no such misrepresentations, and no court has ever found that it did. Prosecution of the claim plaintiff alleges here would directly undermine Baxter's defense in the securities case.

---

[1] The public statements that plaintiff premises this case upon are the same as those at issue in *City of Lakeland Employees Pension Plan v. Baxter Int'l, Inc., et al.* (No. 10 C 6016), a purported class action alleging violations of the federal securities laws that was filed in the Northern District of Illinois prior to this case. In fact, many of the substantive allegations in *City of Lakeland* are restated nearly verbatim in this case.

Baxter is also a defendant in tort actions arising out of some of the events underlying plaintiff's allegations in this action relating to its blood thinner heparin.[2] Baxter faces substantial potential exposure in these cases, which it is vigorously defending. Plaintiff here alleges, purportedly for Baxter's benefit, that Baxter was reckless in its failure to monitor its quality systems, thus purportedly allowing the heparin contamination to be placed in its product. (*Id.* ¶ 73) Plaintiff further alleges Baxter knew of adverse reactions to heparin, yet "continued to misrepresent the safety of its products to patients." (*Id.* ¶ 74) Again, no tribunal has ever found that the allegations plaintiff makes are true, and Baxter disputes these allegations, yet plaintiff seeks to pursue a complaint *on Baxter's behalf* that alleges these things.

Causing Baxter to prosecute this action against its directors based on such allegations can only be detrimental to the corporation's interests — and those of its shareholders — in these other pending cases. In such circumstances, the board should be afforded the opportunity to decide whether a lawsuit such as this is truly in the best interest of the corporation and its shareholders. *See, e.g., In re E.F. Hutton Banking Practices Litig.*, 634 F. Supp. 265, 269-70 (S.D.N.Y. 1986) (noting board could reasonably conclude it was unwise to pursue derivative suit asserting claims that would undermine corporation's defense in other litigation). Thus, courts have repeatedly stayed derivative suits that would undermine the corporation's defense to other litigation. *See, e.g., In re Ormat Technologies, Inc.*, 2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011) (staying derivative action that posed potential harm to corporation because it conflicted with defense of pending class actions); *Breault v. Folino*, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15, 2002) (staying derivative action because corporation

---

[2] Numerous cases related to heparin have been filed in federal court, which are currently pending in an MDL proceeding in the Northern District of Ohio, *In re Heparin Prod. Liability Litig.* (No. 08-hc-60000), as well as in the Circuit Court of Cook County, Illinois, *In re Alleged Contaminated Heparin Litig.* (No. 08 L 3592).

"would be harmed" by prosecution of derivative action which would conflict with company's defense of securities class action).

This concern is exacerbated by the allegations in the Complaint that falsely cast Baxter in a negative light. For example, plaintiff's claim based on recall of the Colleague infusion pumps alleges that Baxter "made, at best, minimal and deeply flawed attempts" to remediate problems with this product and comply with the 2006 FDA Consent Decree. (*See* Am. Cmplt. ¶ 94) But as the Complaint itself recognizes, the company invested enormous time and financial resources attempting to correct the ultimately intractable technical problems with the Colleague pumps. (*See id.*) Baxter's 2009 Form 10-K filed with the SEC reported that approximately $200 million of the charges related to the Colleague pumps were for efforts to remediate these technical problems. (Ex. A) Moreover, as the Complaint acknowledges, the FDA's May 3, 2010 press release states that it "has been working with Baxter since 1999" to correct problems with the Colleague pumps. (Am. Cmplt. ¶ 111; Ex. B)[3]

Rule 23.1 of the Federal Rules specifies that a derivative action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders." Fed. R. Civ. P. 23.1(a). Here, plaintiff cannot plausibly be deemed to adequately represent the interests of Baxter and all its shareholders by (1) asserting claims directly antagonistic to Baxter's interest in other pending litigation and (2) making allegations about misconduct *by Baxter* that are contrary to facts that are a matter of public record.

---

[3] The Complaint also implies that the problems with the Colleague pumps were somehow unique to Baxter. But the May 3, 2010 FDA press release stated that "persistent" problems with infusion pumps "are not confined to one manufacturer or one type of device." (Am. Cmplt. ¶ 111; Ex. B) The FDA stated, among other things, that there had been 87 infusion pump recalls over the preceding five years, *only seven of which were for Baxter's Colleague pumps.* (*Id.*)

4

**CONCLUSION**

For the reasons stated above and in the Individual Defendants' memorandum in support of their motion to dismiss, the Amended Consolidated Verified Shareholder Derivative Complaint should be dismissed pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and Delaware Chancery Rule 23.1. At a minimum, this action should be stayed pending resolution of the other litigation pending against Baxter based on the same events and allegations in the Complaint here.

October 17, 2011

Respectfully submitted,

*/s/ Sarah J. Donnell*

Robert J. Kopecky
Sarah J. Donnell
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Counsel for Baxter International, Inc.

## CERTIFICATE OF SERVICE

Sarah J. Donnell, an attorney, hereby certifies that on October 17, 2011, she served true and correct copies of Baxter's Memorandum of Law in Support of Its Motion to Dismiss or Stay Plaintiff's Consolidated Verified Shareholder Derivative Complaint via the Court's ECF system on all attorneys of record.

*/s/ Sarah J. Donnell*

Sarah J. Donnell