## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WESTMORELAND COUNTY EMPLOYEE RETIREMENT SYSTEM, Derivatively on Behalf of BAXTER INTERNATIONAL INC., | ) ) ) ) ) | Case No. 10 C 6514 |
| Plaintiff, | ) ) | Hon. John J. Tharp, Jr. |
| vs. | ) ) | |
| ROBERT L. PARKINSON, *et al.*, | ) ) | |
| Defendants, | ) ) | |
| - and - | ) ) | |
| BAXTER INTERNATIONAL INC. | ) ) | |
| Nominal Defendant | ) ) ) | |

### STIPULATION AND AGREEMENT OF SETTLEMENT (AS REVISED)

This Stipulation and Agreement of Settlement ("Stipulation"), dated October 9, 2014, is entered into by the following parties, by and through their respective undersigned counsel: (a) Lead Plaintiff Westmoreland County Employee Retirement System ("Lead Plaintiff," "Plaintiff," or "Westmoreland"); (b) nominal defendant Baxter International Inc. ( "Baxter"); and (c) Walter E. Boomer, Blake E. Devitt, John D. Forsyth, Gail D. Fosler, James R. Gavin III, Peter S. Hellman, Wayne T. Hockmeyer, Joseph B. Martin, Carole J. Shapazian, Thomas T. Stallkamp, K.J. Storm, Albert P.L. Stroucken, Robert L. Parkinson, Jr., Robert M. Davis, Norbert G. Riedel, Joy A. Amundson, Bruce H. McGillivray, and Cheryl L. White (the "Individual Defendants"; collectively, with Baxter, the "Settling Defendants") (Lead Plaintiff and the Settling Defendants

are referred to collectively herein as the "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the above-captioned action and any and all Released Plaintiff Claims against the Released Defendant Persons, in accordance with the terms and conditions set forth below, subject to the approval of the United States District Court for the Northern District of Illinois (the "Court"), pursuant to Federal Rule of Civil Procedure 23.1.

     **WHEREAS:**

## HISTORY OF THE LITIGATION AND SETTLEMENT PROCESS

     A.     Between October 2010 and January 2011, four separate shareholder actions were filed in this Court derivatively on behalf of Baxter against members of Baxter's Board of Directors, former directors, and certain current and former officers of the Company: *North Miami Beach General Employees Retirement Fund v. Parkinson*, No. 10-cv-6514; *Salyers v. Boomer*, No. 10-cv-7131; *Louisiana Municipal Police Employees' Retirement System v. Parkinson*, No. 10-cv-7317; and *Westmoreland County Employee Retirement System v. Boomer*, No. 11-cv-0151. Although these four actions were originally assigned to four different judges of this Court, they were all reassigned to the Honorable Edmund E. Chang on January 7, 2011 (ECF No. 43), and on July 5, 2011, Judge Chang consolidated all four cases and appointed Westmoreland as lead plaintiff and its chosen counsel, Scott+Scott, Attorneys at Law, LLP ("Scott+Scott"), as lead counsel (ECF No. 79). These four cases are collectively referred to herein as the "Action";

     B.     A shareholder derivative action arising from related facts was filed on June 10, 2013, in the Delaware Court of Chancery captioned *Fischer v. Parkinson*, No. 8633-VCN (Del.

Ch.) ("Delaware Derivative Action"), and this Delaware Derivative Action has been stayed since April 8, 2014. *Fischer*, 2014 WL 1383543 (Del. Ch. Apr. 8, 2014);

C.     On May 14, 2010, Traci Warner filed suit in the Circuit Court of Lake County, Illinois, purporting to bring claims on behalf of Baxter against the Company's directors and officers for alleged breaches of fiduciary duty. The action is captioned *Warner v. Parkinson, et al.*, No. 10 CH 2701 (Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois) (Hoffman, J.) (the "Illinois Derivative Action"). Defendants moved to dismiss the complaint on August 27, 2010, and briefing on the motion was complete on November 1, 2010. On November 23, 2010, certain plaintiffs from the federal derivative actions noted above moved to intervene as non-parties and to stay the Illinois Derivative Action in favor of the pending federal actions. On January 25, 2011, prior to deciding defendants' motions to dismiss, the state court granted the non-parties' motion to intervene and stayed the action. This action remains stayed.

D.     On September 26, 2011, Westmoreland filed an Amended Consolidated Complaint ("Amended Complaint") against the Individual Defendants for alleged breaches of fiduciary duty in connection with a variety of events, including, among others (i) the FDA's recall of Baxter's Colleague Volumetric Infusion Pumps; (ii) the discovery of a contaminant in the active pharmaceutical ingredient of heparin, an anticoagulant sold by Baxter, (iii) alleged misrepresentations relating to Baxter's plasma-protein therapies business and Baxter's remediation of the Colleague pump; (iv) a warning letter from the FDA to Baxter relating to Baxter's marketing of its Aralast NP dialysis product; (v) the discovery of contaminated lots of peritoneal dialysis solutions manufactured by Baxter in Castlebar, Ireland, and (vi) alleged sales of Company stock by certain officers and directors.

E.      On October 17, 2011, Defendants moved to dismiss the Amended Complaint for failure to make a demand on the Baxter Board of Directors pursuant to Fed. R. Civ. P. 23.1 and failure to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6).  On September 19, 2012, the Honorable John J. Tharp, Jr. (to whom the case had been reassigned effective June 5, 2012) granted the Defendants' motion to dismiss without leave to amend on the ground that Westmoreland had failed adequately to plead futility of demand on the Board with respect to all of the alleged breaches of duty set forth in the Amended Complaint;

F.      On October 11, 2012, Westmoreland appealed the dismissal to the United States Court of Appeals for the Seventh Circuit.  Westmoreland limited its appeal to the alleged breaches of fiduciary duty relating to Baxter's remediation of the Colleague Infusion Pump and public representations regarding the status of the remediation.   On August 16, 2013, the Court of Appeals reversed and remanded the case, as limited by Westmoreland, to the District Court. *Westmoreland Cty. Emp. Ret. Sys. v. Parkinson*, 727 F.3d 719 (7th Cir. 2013).  The mandate issued on September 27, 2013 (ECF No. 140);

G.      The Defendants answered the Amended Complaint on December 11, 2013 (ECF Nos. 162 & 163), the Settling Parties filed competing case management orders, and pursuant to a December 19, 2013, order by Judge Tharp, document discovery commenced.  (ECF No. 169.) Lead Plaintiff received and reviewed over 68,418 documents, consisting of 474,073 pages, that Baxter had produced in the securities action entitled, *City of Lakeland Employees' Pension Plan v. Baxter International Inc.*, No. 10-cv-6016 ("Federal Securities Action");

H.      On January 20, 2014, Baxter's board of directors, by unanimous resolution, appointed a Special Litigation Committee ("SLC") to investigate the allegations in the *Westmoreland* action, as set forth in the Seventh Circuit's decision and remand order;

I. On January 23, 2014, after full briefing and oral argument, the District Court held that Plaintiff's claims premised on the alleged misrepresentations by Individual Defendants were not included in the Seventh Circuit's remand and were not part of the case going forward in the District Court (ECF No. 173);

J. On February 12, 2014, the SLC moved to stay the case in light of its appointment by Baxter's board of directors;

K. Shortly before the appointment of the SLC, beginning in January 2014, the Settling Parties began discussing a possible settlement of the Action. Between January 2014 and August 2014, the Settling Parties engaged in extensive arm's-length negotiations. Also, on May 28, 2014, Lead Plaintiff's Counsel met with the single SLC Board member, Dr. Uma Chowdhry, and her attorneys, Chancellor William B. Chandler III (Ret.) and other lawyers from Wilson Sonsini Goodrich & Rosati, to discuss the possible resolution of this matter. During this period of negotiation, the Settling Parties discussed various corporate governance procedures relating to communications with the United States Food and Drug Administration (the "FDA"). With the assistance of Plaintiff's expert, Professor Sean Griffith, T.J. Maloney Chair in Business Law; Director, Fordham Corporate Law Center of Fordham Law School, and Baxter's in-house counsel in charge of litigation, the Settling Parties developed a series of governance reforms to assist Baxter in maintaining close oversight of its interactions with the FDA, which are set forth in Exhibit A hereto (the "Corporate Governance Reforms");

L. On March 27, 2014, Baxter announced its plan to spin off in mid-2015 its BioScience business as a separate global healthcare company focused on innovative biopharmaceuticals. Baxter's Medical Products business will retain the "Baxter" name. The Settling Parties intend the Corporate Governance Reforms to apply solely to Baxter's Medical

Products business, and those obligations shall remain solely and exclusively with Baxter's Medical Products business after the spin-off of the biopharmaceuticals business;

M.      The Settling Parties did not conduct any discussions as to the payment of attorneys' fees or expenses prior to having reached an agreement as to the principal terms of the settlement and the Corporate Governance Reforms;

## THE SETTLING DEFENDANTS' DENIAL OF WRONGDOING

N.      The Settling Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Action. The Settling Defendants also have denied and continue to deny all allegations that Baxter has suffered damage by or as a result of the conduct alleged in the Action. To eliminate the burden, expense, and risks inherent in the litigation, the Settling Defendants have determined, however, that the Action be settled in the manner and upon the terms and conditions set forth herein;

O.      Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment (as defined herein), nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation may be construed as or may be used as evidence of the validity of any of the Released Plaintiff Claims or an admission by or against the Settling Defendants of any fault, wrongdoing, or concession of liability whatsoever in any other civil, criminal, or administrative proceeding;

P.      Neither this Stipulation nor the attached exhibits shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that this Stipulation and the attached exhibits may be used as evidence of the Settlement in any action against the Released

Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim

or issue preclusion or similar defense;

## THE DERIVATIVE CLAIMS AND THE BENEFITS OF SETTLEMENT

Q.      Based on their review and analysis of the relevant facts, allegations, defenses, and

controlling legal principles, as described above, the Settling Parties believe that the Settlement

set forth herein is in the best interests of Baxter and its shareholders;

R.      Although Lead Plaintiff believes that the Action has substantial merit, Lead

Plaintiff and its counsel recognize and acknowledge the expense and length of time that would

be required to prosecute the Action through trial and appeal.  Lead Plaintiff and its counsel have

also taken into account the uncertain outcome and the significant risks of litigating the Action, as

well as the difficulties and delays inherent in such litigation and in the prospects for recovery;

S.      Lead Plaintiff and the Settling Defendants acknowledge and agree that the Action

filed and prosecuted by Lead Plaintiff and the negotiations leading to this Settlement were the

substantial factors in the decision by the Settling Defendants to maintain or adopt the Corporate

Governance Reforms;

**NOW, THEREFORE,** without any admission or concession on the part of Lead Plaintiff

of any lack of merit of the Action whatsoever, and without any admission or concession on the

part of the Settling Defendants as to the merits of the Action or as to any liability or wrongdoing

whatsoever,

**IT IS HEREBY STIPULATED AND AGREED**, by and among the Settling Parties,

through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23.1

of the Federal Rules of Civil Procedure, in consideration of the mutual agreements and benefits

flowing to the Settling Parties from the Settlement set forth herein, the Released Claims shall be

fully, finally and forever compromised, resolved, discharged, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the following terms and conditions:

### 1. DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.1.    "Agreed Upon Term" means the term of the obligations expressed in the Corporate Governance Reforms set forth in Exhibit A hereto.

1.2.    "Claims" means any and all causes of action, claims, damages, and awards, whether equitable, legal, or administrative in nature, whether past or present, suspected or unsuspected, and whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and include without limitation known claims and Unknown Claims.

1.3.    "Company Stockholders" or "Baxter Stockholders" means all individuals or entities who hold of record, or beneficially own, directly or indirectly, common stock of Baxter (other than the corporate entity Baxter International Inc. and the Individual Defendants and their families) as of the close of business on the date the Court enters the Preliminary Approval Order.

1.4.    "Corporate Governance Reforms" mean the corporate governance measures set forth in Exhibit A hereto.

1.5.    "Effective Date" means the date upon which the Judgment approving the Settlement in accordance with this Stipulation becomes Final as a matter of law and is no longer subject to appellate review.

1.6.    "Fee and Expense Award" means the amount of attorneys' fees and expenses as the Court may award to Lead Counsel.

1.7.    "Final" means the latest of: (a) the expiration of the time for the filing or noticing of any motion for reconsideration or appeal of the Judgment; (b) the final affirmance of the Judgment on appeal or after reconsideration, the expiration of the time for a petition, or a denial of any petition, to review the affirmance of the Judgment on appeal or, if such petition is granted, the final affirmance of the Judgment following review pursuant to that grant; or (c) the final dismissal of any appeal from the Judgment or the final resolution of any proceeding to review any appeal from the Judgment without any material change to the Judgment.  Any proceeding or order, or any appeal or petition for a review of a proceeding or order, pertaining solely to any application for a Fee and Expenses Award shall not in any way delay or preclude the Judgment from becoming Final.

1.8.    "Individual Defendants" means Walter E. Boomer, Blake E. Devitt, John D. Forsyth, Gail D. Fosler, James R. Gavin III, Peter S. Hellman, Wayne T. Hockmeyer, Joseph B. Martin, Carole J. Shapazian, Thomas T. Stallkamp, K.J. Storm, Albert P.L. Stroucken, Robert L. Parkinson, Jr., Robert M. Davis, Norbert G. Riedel, Joy A. Amundson, Bruce H. McGillivray, and Cheryl L. White.

1.9.    "Judgment" means the Final Order and Judgment entered by the Court in a form substantially similar to the Proposed Final Order and Judgment attached hereto as Exhibit B.

1.10.    "Lead Plaintiff" means Westmoreland County Employee Retirement System.

1.11.    "Lead Plaintiff's Counsel" means Scott+Scott, Attorneys at Law, LLP, appointed as Lead Counsel by this Court by Order dated July 5, 2011 (ECF No. 79).

1.12.    "Notice" means the Notice of Proposed Settlement of Derivative Action, Final Settlement Hearing, and Related Matters, substantially in the form attached hereto as Exhibit D, to be published by Baxter in a manner approved by the Court.

9

1.13.   "Person" means an individual, business or legal entity, including any corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.14.   "Plaintiff's Counsel" means the law firms of Scott+Scott, Attorneys at Law, LLP and Freed Kanner London & Millen LLC.

1.15.   "Preliminary Approval Order" means the order entered by the Court in a form substantially similar to the Proposed Preliminary Approval Order attached hereto as Exhibit C.

1.16.   "Released Claims" means, collectively, Released Defendant Claims and Released Plaintiff Claims.

1.17.   "Released Defendant Claims" means any and all Claims that are based upon or arise out of the institution, prosecution, or settlement of the claims asserted by the Plaintiff in this Action.   Notwithstanding the foregoing, Released Defendant Claims shall not mean and does not include any claims by the Parties to enforce the terms of this Stipulation.

1.18.   "Released Defendant Persons" means the Company, all current and former directors of the Company, and all Settling Defendants and any of their respective employers, parent entities, controlling persons, principals, affiliates, or subsidiaries and each of their respective past or present officers, directors, partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, predecessors, successors, assigns, insurers, and reinsurers.

1.19.  "Released Parties" means, collectively, Released Defendant Persons and Released Plaintiff Persons.

1.20.  "Released Plaintiff Claims" means any and all Claims on behalf of Baxter that (a) have been asserted in this Action, or (b) could have been asserted in this Action, or in any other court action or before any court, administrative body, tribunal, arbitration panel, or other adjudicatory body, from January 2008 through the date of this Stipulation, that are based upon, arise out of, or relate in any way, directly or indirectly, to the allegations made in, or the subject matters of, this Action.  Notwithstanding the foregoing, Released Plaintiff Claims shall not mean and do not include any claims by the Parties to enforce the terms of this Stipulation.

1.21.  "Released Plaintiff Persons" means the Plaintiff and Plaintiff's Counsel.

1.22.  "Settlement" means the agreement made and entered into by and among the Settling Parties and set forth in this Stipulation.

1.23.  "Settlement Hearing" means the hearing the Settling Parties will request that the Court hold after publication of the Notice, in order to consider and determine, among other things, whether the Settlement should be approved, whether Judgment should be entered dismissing the Action with prejudice, and whether Lead Plaintiff's Counsel's requested attorneys' fees and expenses should be awarded.

1.24.  "Summary Notice" means the summary form of the Notice to be published in national editions of *The Wall Street Journal* and *USA Today* pursuant to the Preliminary Approval Order, substantially in the form attached hereto as Exhibit E.

1.25.  "Unknown Claims" means any Released Plaintiff Claims that the Company, the SLC, Plaintiff, or any other Baxter Stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Persons, and any Released

Defendant Claims that Baxter, the SLC, or any of the Defendants does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Persons.

2.  **SETTLEMENT OF THE ACTION**

In settlement of and as a result of the Action, the Settling Defendants agree, subject to the Court entering Judgment approving this Settlement, to each of the following:

2.1.  <u>Corporate Governance and Compliance Relief</u>: For the Agreed Upon Term, Baxter will implement and maintain the Corporate Governance Reforms as set forth in Exhibit A hereto.

2.2.  <u>Funding</u>: Baxter agrees that it shall spend at least $4 million per year over the next three years on new initiatives directed to quality and regulatory compliance, as set forth in Exhibit A hereto. Upon request, Baxter shall provide to plaintiff's counsel annually confirmation that such expenditures have been made.

2.3.  <u>Term of Agreement</u>: Any and all forward-looking provisions of this Settlement, including all of the Corporate Governance Reform provisions set forth in Exhibit A hereto, shall terminate three years from the date the Court enters Judgment approving the Settlement. Subject to Board approval as necessary, Baxter shall reassess the processes implemented under the Agreement after three years to determine whether to continue or modify them.

2.4.  None of the terms or agreements in the Corporate Governance Reforms shall be deemed to be an admission that Baxter's prior board and corporate governance policies and procedures were deficient.

3.  **APPROVAL PROCESS**

3.1.  Promptly following the execution of this Stipulation by all Settling Parties, the Settling Parties shall submit this Stipulation, together with its Exhibits, to the Court and shall

apply for entry of a Preliminary Approval Order, substantially in the form of Exhibit C attached hereto, that: (a) preliminarily approves the Settlement set forth in this Stipulation; (b) sets a date for the Settlement Hearing; (c) approves the form, content and manner of the Notice and the Summary Notice; and (d) preliminarily enjoins the Released Parties from commencing, instituting, or prosecuting any of the Released Claims.

3.2.    Upon entry of a Preliminary Approval Order, the Settling Defendants shall cause the Notice to be published to Baxter Stockholders in a manner ordered by the Court.   The Settling Parties shall recommend that the Court order that notification be effected by Baxter by: (a) publishing the Summary Notice in national editions of *The Wall Street Journal* and *USA Today*; (b) placing the Notice on its website; and (c) publishing the Notice in its third quarter 2014 Form 10-Q.  The Notice shall advise Baxter Stockholders of the terms of the Settlement of the Derivative Claims, the time and date of the Settlement Hearing, and Lead Plaintiff's Counsel's request for attorneys' fees and expenses.  The Notice shall be substantially in the form attached hereto as Exhibit D.   The Settling Defendants shall cause the Summary Notice, substantially in the form attached hereto as Exhibit E, to be effected in the manner ordered by the Court no later than ten (10) days following entry of the Preliminary Approval Order.

3.3.    The Settling Defendants shall be responsible for all costs incurred in connection with the publication of the Notice and the Summary Notice.

3.4.    The Settling Parties shall request that, on or about forty-five (45) days after notice of the Settlement is made, and the time for objections is past, the Court hold a Settlement Hearing to consider and determine: (a) whether to give final approval of the Settlement; (b) whether Judgment should be entered dismissing the Action with prejudice, each party to bear his, her, or its own costs; (c) whether permanently to bar and enjoin the Released Parties from

litigating any of the Released Claims; and (d) whether to approve a Fee and Expense Award for Lead Plaintiff's Counsel.

## 4. RELEASE OF CLAIMS

4.1.     Upon the Effective Date, Plaintiff, Baxter, the SLC (on behalf of Baxter), and all Baxter Stockholders (derivatively on behalf of Baxter) shall, by operation of the Judgment and to the fullest extent allowed by law, (i) release and be deemed to release and forever discharge the Released Plaintiff Claims against the Released Defendant Persons, (ii) covenant and be deemed to covenant not to sue any of the Released Defendant Persons with regard to any Released Plaintiff Claims, and (iii) forever be barred and enjoined from asserting any Released Plaintiff Claims against any Released Defendant Persons.  All Settling Parties acknowledge, and all Baxter Stockholders shall be deemed to acknowledge, the derivative nature of the Claims in the Action.

4.2.     Upon the Effective Date, Baxter, the SLC, and the Individual Defendants, by operation of the Judgment and to the fullest extent allowed by law, shall (i) release and be deemed to release and forever discharge the Released Defendant Claims against the Released Plaintiff Persons, (ii) covenant and be deemed to covenant not to sue any of the Released Plaintiff Persons with regard to any Released Defendant Claims, and (iii) forever be barred and enjoined from asserting any Released Defendant Claims against any Released Plaintiff Persons.

4.3.     Plaintiff, the Individual Defendants, Baxter, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge, that he, she, they, or it has been advised by his, her, their, or its attorney concerning, and/or is familiar with, the provisions of California Code Section 1542, which provides:

14

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

4.4.  Plaintiff, the Individual Defendants, Baxter, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge: (i) that he, she, they, or it may hereafter discover facts in addition to those that he, she, they, or it now knows or believes to be true with respect to the Action and the Released Plaintiff Claims and Released Defendant Claims, as applicable; and (ii) that he, she, they, or it may have sustained damages, losses, fees, costs and/or expenses that are presently unknown and unsuspected with respect to Released Plaintiff Claims and Released Defendant Claims, as applicable, and that such damages, losses, fees, costs and/or expenses as the Plaintiff, Baxter, the Individual Defendants, the SLC, and any Baxter Stockholders may have sustained might give rise to additional damages, losses, fees, costs and/or expenses in the future.   Nevertheless, the Plaintiff, Baxter, the Individual Defendants, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge, that this Stipulation has been negotiated and agreed upon in light of such possible unknown facts and such possible damages, losses, fees, costs and/or expenses, and each expressly waives, or shall be deemed to have waived, any and all rights under California Civil Code Section 1542 and under any other federal or state statute or law of similar effect. Plaintiff, Baxter, the Individual Defendants, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to have acknowledged, that this waiver was separately bargained for and is a material term of this Stipulation.

## 5. LEAD PLAINTIFF COUNSEL'S ATTORNEYS' FEES AND EXPENSES

5.1.    Concurrent with seeking final approval of the Settlement, Lead Plaintiff's Counsel intends to apply to the Court for an award of attorneys' fees and expenses in this Action in an amount not to exceed three million nine hundred thousand dollars ($3,900,000.00) (the "Fee and Expense Award"), and incentive fees to Westmoreland in an amount not to exceed $15,000, which incentive fees shall be paid from, not in addition to, the Fee and Expense Award. Baxter and the Individual Defendants will not oppose an application for attorneys' fees and expenses and for incentive fees that are not in excess of those amounts.

5.2.    Baxter agrees that it shall pay or cause to be paid the attorneys' fees and expenses awarded by the Court not in excess of the Fee and Expense Award to Plaintiff's Counsel no later than ten (10) business days after the later of this Court's entry of (i) the Judgment or (ii) an order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligation of Plaintiff's Counsel to refund up to the full amount of fees and expenses, plus interest thereon, if either the Judgment or the Fee and Expense Award is reversed or modified by final, non-appealable order, but only to the extent required by such reversal or modification.

5.3.    Partial refunds or repayments of the Fee and Expense Award and any amounts paid as incentive fees (the "Incentive Fees") shall be made by Lead Plaintiffs' Counsel to Baxter plus accrued interest thereon, from the date of payment to Plaintiff's Counsel to the date of return payment, at the prime rate, as published in *The Wall Street Journal*, if: (a) the Fee and Expense Award and/or the Incentive Fees are reduced, vacated, or reversed, without remand, by order of the United States Court of Appeals for the Seventh Circuit or by final, non-appealable

order of the United States District Court for the Northern District of Illinois; (b) the Effective Date does not occur; (c) this Stipulation is terminated or cancelled for any reason; or (d) the Stipulation is not approved, or is reversed, or modified, without remand, by order of the United States Court of Appeals for the Seventh Circuit or by final, non-appealable order of the United States District Court for the Northern District of Illinois.  The full amount of the Fee and Expense Award and/or Incentive Fees, or the amount by which any such award or fee is reduced, or modified, without remand, by order of the United States Court of Appeals for the Seventh Circuit or by final, non-appealable order of the United States District Court for the Northern District of Illinois shall be paid by Plaintiff's Counsel to Baxter within ten (10) business days of the date of the event requiring the refund or repayment as set forth in this Paragraph.

5.4.    The Court's decision granting in whole or in part the application by Plaintiff's Counsel for attorneys' fees and expenses and for incentive fees is not a condition of the Stipulation or to entry of the Order and Final Judgment.  The request by Plaintiff's Counsel for attorneys' fees and expenses and for incentive fees is to be considered by the Court separately from the Court's consideration of the question whether the Settlement is fair, reasonable, adequate, and in the best interests of Baxter and its shareholders.  Any orders or proceedings relating to any request by Plaintiff's Counsel for attorneys' fees and expenses or incentive fees or any appeal from any order or proceedings relating thereto shall not affect the validity or finality of the proposed settlement, operate to terminate or cancel the Stipulation, and/or affect or delay either the Effective Date or the finality of the Order and Final Judgment approving the Settlement.  Westmoreland and Plaintiff's Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to any application for attorneys' fees and expenses or incentive fees.

17

5.5.    Payment of the fees and expenses awarded by the Court shall constitute final and complete payment for Plaintiff's Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the prosecution and resolution of the derivative claims asserted in the Action and will be paid to Scott+Scott, Attorneys at Law, LLP as receiving agent for Plaintiff's Counsel.  Scott+Scott, Attorneys at Law, LLP shall be solely responsible for the distribution of the Fee and Expense Award among Plaintiff's Counsel and for distribution of any Incentive Fees.  Baxter and the Individual Defendants shall have no responsibility for the allocation or distribution of the Fee and Expense Award among Plaintiff's Counsel or for allocation or distribution of any Incentive Fees.

## 6.  EFFECT OF DISAPPROVAL; CANCELLATION OR TERMINATION

6.1.    The Settling Parties, each in his, her, or its sole discretion, shall have the right to terminate the Settlement and this Stipulation by providing written notice to counsel identified in paragraph 7.16 below of his, her, or its election to do so within thirty (30) days of: (a) the Court declining to enter in any material respect the proposed Preliminary Approval Order attached hereto as Exhibit C; (b) the Court refusing to approve the Stipulation or any material part of it; (c) the Court declining to enter in any material respect the Proposed Final Order and Judgment attached hereto as Exhibit B; or (d) the date upon which the Final Order and Judgment is modified or reversed in any material respect on appeal or by writ, except that, with respect to subparagraphs (b), (c), and (d) of this paragraph, an award of attorneys' fees, inclusive of expenses and costs, that is different than the amount requested by Lead Plaintiff shall not be grounds for termination or cancellation of the Settlement.

6.2.    In the event that the Settlement is not approved by the Court, or is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to the signing of this Stipulation, and all negotiations, proceedings, documents

18

prepared, and statements made in connection with the Settlement shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter, or proposition, and shall not be used in any manner or admissible for any purpose in the Action or in any other action or proceeding.

6.3.    In the event that the Settlement is not approved by the Court, or is terminated for any reason, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties, and shall not be used or admitted in the Action or in any other action or proceeding for any purpose, and any judgments or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated.

## 7. MISCELLANEOUS PROVISIONS

7.1.    The Settling Parties: (a) acknowledge that it is their intent to consummate the terms and conditions of this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation, to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation, and to obtain preliminary and final approval of the Settlement.

7.2.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among themselves with respect to the Action.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, demand, or defense.

7.3.    The Settling Parties agree that the terms of this Settlement, including the amount of attorneys' fees and expenses, were negotiated at arm's-length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

7.4.    This Stipulation and its Exhibits constitute the entire agreement among the Settling Parties concerning the settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its Exhibits other than those contained and memorialized in such documents.

7.5.    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.6.    All the agreements made and orders entered in the Action concerning the confidentiality of documents and information, and all agreements made by Lead Plaintiff's Counsel concerning the confidentiality of documents and information, shall survive this Stipulation and Settlement.  Within thirty (30) days after the Effective Date, Lead Plaintiff's Counsel shall return to Counsel for the Settling Defendants all confidential material produced or otherwise transmitted to them in paper form or by disc, or shall represent that Lead Plaintiff's Counsel have used their best efforts to destroy or delete all such materials, however transmitted. The failure of Lead Plaintiff's Counsel acting in good faith to fully comply with this provision shall not constitute a material breach of the terms of this Stipulation.

7.7.    The Settling Parties agree that, other than disclosures required by law or the Court, any public comments from the Settling Parties or any of their representatives regarding this Settlement will not substantially deviate from words to the effect that the Settling Parties have reached a mutually acceptable resolution that will avoid protracted and expensive litigation, that the Settling Parties are satisfied with the resolution, and that the Settlement is in the best interests of the Company and its shareholders.  None of the Settling Parties shall make any public statement regarding the terms of this Stipulation or the Settlement contained herein that is critical of or disparages the Settlement or the conduct of the Settling Parties.

7.8.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.9.    This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronically scanned counterparts.  All executed counterparts, facsimile and/or electronically scanned counterparts, shall be deemed to be one and the same instrument.

7.10.    This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, and legal representatives.

7.11.    This Stipulation shall not be construed more strictly against any Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

7.12.    All Persons executing this Stipulation and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

7.13.    The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, the execution of this Stipulation.

7.14.    The rights and obligations of the Settling Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the

State of Illinois without giving effect to any state's choice-of-law principles, except to the extent that federal law requires that federal law governs.

7.15.   Any notice required by this Stipulation shall be submitted in writing and delivered by overnight mail, electronic mail, facsimile, or in person as follows:

>Judith S. Scolnick, Esq.
>Scott+Scott, Attorneys at Law, LLP
>The Chrysler Building
>405 Lexington Avenue, 40th Floor
>New York, NY 10174
>jscolnick@scott-scott.com
>Tel.: 212.223.6444
>
>Counsel for Lead Plaintiff
>
>Robert J. Kopecky, Esq.
>Kirkland & Ellis, LLP
>300 North LaSalle
>Chicago, IL 60601
>rkopecky@kirkland.com
>Tel.: 312.862.2084
>
>Counsel for Baxter International Inc.
>
>Matthew R. Kipp
>Skadden, Arps, Slate, Meagher & Flom LLP
>155 N. Wacker Drive
>Chicago, IL 60606-1720
>matthew.kipp@skadden.com
>Tel.: 312.407.0728
>
>Counsel for Individual Defendants

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: October 9, 2014

_____
Judith S. Scolnick
Scott+Scott, Attorneys at Law, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
jscolnick@scott-scott.com
Tel.: 212.223.6444

Counsel for Lead Plaintiff

_____
Robert J. Kopecky, Esq.
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60601
rkopecky@kirkland.com
Tel.: 312.862.2084

Counsel for Baxter International Inc.

_____
Matthew R. Kipp
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
matthew.kipp@skadden.com
Tel.: 312.407.0728

Counsel for Individual Defendants

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: October 9, 2014

Judith S. Scolnick
Scott+Scott, Attorneys at Law, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
jscolnick@scott-scott.com
Tel.: 212.223.6444

Counsel for Lead Plaintiff

Robert J. Kopecky, Esq.
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60601
rkopecky@kirkland.com
Tel.: 312.862.2084

Counsel for Baxter International Inc.

Matthew R. Kipp
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
matthew.kipp@skadden.com
Tel.: 312.407.0728

Counsel for Individual Defendants

23