# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WESTMORELAND COUNTY EMPLOYEE RETIREMENT SYSTEM, Derivatively on Behalf of BAXTER INTERNATIONAL INC., | ) ) ) ) ) | Case No. 10 C 6514 |
| Plaintiff, | ) ) | Hon. John J. Tharp, Jr. |
| vs. | ) ) | |
| ROBERT L. PARKINSON, *et al.*, | ) ) | |
| Defendants, | ) ) | |
| - and - | ) ) | |
| BAXTER INTERNATIONAL INC. | ) ) | |
| Nominal Defendant | ) ) ) | |

## FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on February 27, 2015, pursuant to this Court's Order of November 26, 2014 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement (As Revised), dated October 9, 2014 (the "Stipulation"), which Stipulation is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Parties; and (iii) whether and/or in what amount to grant Lead Plaintiff's Counsel's application for an award of fees and reimbursement of expenses. After due and sufficient notice having been given in accordance with the provisions of the

Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Action embodied in the Stipulation (the "Settlement") or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor,

**THE COURT HEREBY FINDS AND ORDERS** as follows:

1.      All capitalized terms used in this Final Order and Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and the Settling Parties.

3.      The Court hereby grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable, and adequate, and in the best interests of Baxter International Inc. ("Baxter") and Baxter Stockholders.

4.      The Court finds for purposes of the Settlement that: (i) the Action was brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Lead Plaintiff and Lead Plaintiff's Counsel fairly and adequately represented the interests of Baxter and Baxter Stockholders.

5.      Pursuant to the Preliminary Approval Order, a form and manner of the proposed Notice of Proposed Settlement of Derivative Action, Final Settlement Hearing, and Right to Appear (the "Notice") and a form of the Summary Notice of Pendency of Shareholder Derivative Action Involving Baxter International Inc., Proposed Settlement of Derivative Action, Settlement

Hearing, and Right to Appear (the "Summary Notice") were approved by the Court. Counsel for Baxter has filed with the Court proof of compliance with the approved Settlement Notice procedures. Based on that submission, the Court finds that: (a) the Notice has been maintained on Baxter's corporate website beginning no more than five (5) days after the date of the Preliminary Approval Order; (b) Baxter published the Notice in its third quarter 2014 Form 10-Q; and (c) the Summary Notice was published at least one time each in the national editions of *The Wall Street Journal* and *USA Today* within ten (10) days following the date of the Preliminary Approval Order. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constitute due and sufficient notice to Baxter Stockholders of the Settlement and matters to be considered at the Settlement Hearing.

6.      The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      The Action and all claims therein are hereby dismissed with prejudice as to all of the Settling Defendants. The Settling Parties shall bear their own fees, costs, and/or expenses except as provided in Paragraph 17 below or as otherwise provided in the Stipulation and the Preliminary Approval Order.

8.      Upon the Effective Date, the Plaintiff, Baxter, the SLC, and all Baxter Stockholders (derivatively on behalf of Baxter) shall, by operation of this Order and Final Judgment and to the fullest extent allowed by law: (i) release and be deemed to release and forever discharge the Released Plaintiff Claims against the Released Defendant Persons; (ii) covenant and be deemed to covenant not to sue any of the Released Defendant Persons with

regard to any Released Plaintiff Claims; and (iii) forever be barred and enjoined from asserting any Released Plaintiff Claims against any Released Defendant Persons.

9. Upon the Effective Date, the SLC, Baxter, and the Settling Defendants shall, by operation of this Order and Final Judgment and to the fullest extent allowed by law: (i) release and be deemed to release and forever discharge the Released Defendant Claims against the Released Plaintiff Persons; (ii) covenant and be deemed to covenant not to sue any of the Released Plaintiff Persons with regard to any Released Defendant Claims; and (iii) forever be barred and enjoined from asserting any Released Defendant Claims against any Released Plaintiff Persons.

10. The Plaintiff, the Settling Defendants, Baxter, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge, that he, she, they, or it has been advised by his, her, their, or its attorney concerning, and/or is familiar with, the provisions of California Code Section, 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. The Plaintiff, the Settling Defendants, Baxter, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge: (i) that he, she, they, or it may hereafter discover facts in addition to those that he, she, they, or it now knows or believes to be true with respect to the Action and the Released Plaintiff Claims and Released Defendant Claims, as applicable; and (ii) that he, she, they, or it may have sustained damages, losses, fees, costs, and/or expenses that are presently unknown and unsuspected with respect to Released Plaintiff Claims and Released Defendant Claims, as applicable, and that such damages,

losses, fees, costs, and/or expenses as the Plaintiff, Baxter, the Settling Defendants, the SLC, and any Baxter Stockholders may have sustained might give rise to additional damages, losses, fees, costs, and/or expenses in the future. Nevertheless, the Plaintiff, Baxter, the Settling Defendants, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to acknowledge, that the Stipulation has been negotiated and agreed upon in light of such possible unknown facts and such possible damages, losses, fees, costs, and/or expenses, and each expressly waives, or shall be deemed to have waived, any and all rights under California Civil Code Section 1542 and under any other federal or state statute or law of similar effect. The Plaintiff, Baxter, the Settling Defendants, and the SLC expressly acknowledge, and all Baxter Stockholders shall be deemed to have acknowledged, that this waiver was separately bargained for and is a material term of the Stipulation.

12.     This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Action.

13.     Pending the occurrence of the Effective Date, no person may institute, commence, or prosecute any action that asserts Released Claims against any of the Released Parties.

14.     Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions, and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Action, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or

proceeding, whether civil, criminal, or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Settling Party to prevent or terminate institution, commencement, or prosecution of any action that asserts Released Claims against any of the Released Parties.

15.     In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation: (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Settling Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

16.     Lead Plaintiff's Counsel is hereby awarded three million nine hundred thousand dollars ($3,900,000.00) as attorneys' fees, which includes reimbursement of expenses and costs, in connection with the Action, to be paid by or on behalf of Baxter in accordance with the terms of the Stipulation.  Lead Plaintiff's Counsel shall be solely responsible for the distribution of attorneys' fees and expenses among Plaintiff's Counsel and for distribution of the incentive fee set forth in paragraph 17.

17.     Lead Plaintiff is hereby awarded an incentive fee in the amount of fifteen thousand dollars ($15,000.00), to be paid in accordance with the terms of the Stipulation.

Dated: February 27, 2015

John J. Tharp, Jr.
United States District Judge